UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| YAZMIN GONZALEZ, <br><br> Plaintiff, <br><br> v. <br><br> CORDOBA LEGAL GROUP, LLC a Florida Limited Liability Company <br><br> Defendants. | § § § § § § § § § § § § § § <br><br> Case No. 3:23-cv-00355-KC |

# COMPLAINT

Pro Se Plaintiff Yazmin Gonzalez files this Complaint against Defendant Cordoba Legal Group, LLC for violations (1) the federal Telephone Consumer Protection Act ("TCPA") and its regulations and (2) the Texas Business and Commerce Code ("TBCC") law governing telephone solicitation, alleging as follows:

## INTRODUCTION

1. Beginning of July 2023, Plaintiff began to receive a barrage of illegal soliciting calls made on behalf of Defendant Cordoba Legal Group, LLC ("Cordoba".)

2. Plaintiff seeks redress under the TCPA and TBCC, demanding that the calls stop.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Counts I and II under 28 U.S.C § 1331, because the claims arise under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (holding that federal courts have federal question jurisdiction over private actions brought under the TCPA).

1

4. The Court has Supplemental jurisdiction over Counts II under 28 U.S.C § 1367.

5. This Court has general personal jurisdiction over Defendant because Defendant purposefully availed itself to the State of Texas and to this District, and there is a sufficient relationship between Defendant's purposeful contacts with Texas and the litigation:

    a) Defendant targets Texas when marketing debt relief service and regularly conducts business in this District, including telephone solicitation.

    b) Its telemarketers, called Plaintiff's El Paso-area phone number (with area code 915) to generate leads for Cordobas's services.

    c) These calls to Texas injured Plaintiff in Texas, creating a causal link among Defendant, the forum, and the litigation that exceeds the non-causal affiliation that is sufficient to support personal specific jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

6. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES AND OTHER ENTITIES

7. Plaintiff is YAZMIN GONZALEZ ("Gonzalez") a natural person, resident of the Western District of Texas, El Paso, County, and was present in Texas for all calls, in this case in El Paso County, Texas.

1. Defendant CORDOBA LEGAL GROUP, LLC ("Cordoba") is a limited liability company organized and existing under the laws of Florida and can be served via its registered agent Alfredo Cordoba at 102 NE 2nd Street, STE 252, Boca Raton, Florida 33432.

## THE TELEPHONE CONSUMER PROTECTION ACT

## OF 1991, 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

11. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

12. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

13. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

14.     According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

15.     The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

16.     The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and -conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

17.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

18.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter*

*of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

19. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

20. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.")

**FACTUAL ALLEGATIONS**

21. Plaintiff personally successfully registered her phone number ending in -2376 on the National Do Not Call Registry in March 2022.

22. Plaintiff has sued Defendant Cordoba prior to this lawsuit for both TCPA and Texas Business and Commerce Code violations *Gonzalez v. Kisch Law Firm, PLLC et al*, No. 3:22-cv-00280-DCG (W.D.TX., Aug. 15, 2022.)

23. Defendant routinely violates the TCPA as part of their business model and knowingly and willfully commit TCPA violation for their financial gain.

24. Plaintiff has never had an established business relationship with Defendant and never gave Defendant her prior express written consent to receive any of the alleged calls.

25. Defendant Cordoba is an organization that offers debt relief services to consumers and is run by owner and registered agent Alfredo Cordoba.

26. Alfredo Cordoba is a licensed attorney in the state of Florida and uses Defendant Cordoba in an attempt to make solicitations for his legal services. These solicitations violate the TCPA, National Bar Association, and Florida State Bar Association prohibitions against solicitations.

27. From July 21, 2023, to August 15, 2023, Plaintiff received a total of twelve (12) unauthorized solicitation calls to her phone number ending -2376 from unknown telemarketers soliciting debt relief services calling on behalf of Defendant Cordoba.

28. Through information and belief Defendant hired an offshore telemarketing call center as Defendant's agent that goes by the name EZ-Way to tele solicit Defendant Cordoba's debt relief services.

29. Every alleged call Plaintiff answered and was connected to telemarketers from EZ-Way who had the same sales pitch soliciting debt relief services.

30. Every alleged call was made willfully.

31. Every alleged call was made knowingly.

32. On July 21, 2023, Plaintiff received a call with phone number 915-800-8907 showing on Plaintiff's caller ID.

33. Plaintiff answered and was connected to a telemarketer from EZ-Way soliciting debt relief services. Plaintiff did not have any debt and disconnected the call.

34. The telemarketer from EZ-Way immediately returned the call with phone number 859-337-0368 showing on Plaintiff's caller ID.

35. When Plaintiff answered, the telemarketer continued soliciting Plaintiff for debt relief services.

36. Plaintiff feigned interest in debt relief services in order to ascertain who was behind the

solicitation calls that hired EZ-Way to make the illegal solicitation calls.

37. Plaintiff did not have debt and with the permission of a family member who has debt advised the telemarketer Plaintiff's name was "Norma."

38. The telemarketer asked qualifying questions and live transferred Plaintiff to another telemarketer from EZ-Way named Hanna.

39. Hanna proceeded to solicit Plaintiff for debt relief services and asked Plaintiff additional qualifying questions.

40. During the call Hanna sent Plaintiff a text message with a link that contained a contract from Defendant Cordoba for Plaintiff to sign for debt relief services.

41. The text message Plaintiff received from Hanna with the contract from Defendant Cordoba revealed the company responsible for the alleged calls.

42. On July 26, 2023, at 1:45 PM, Plaintiff received a call with phone number 936-225-4878 showing on Plaintiff's caller ID.

43. Plaintiff answered and was connected to a representative from Defendant Cordoba who identified herself as Desteny.

44. Desteny advised Plaintiff she was calling in regard to a contract Plaintiff had received from Hanna for debt relief services.

45. Plaintiff advised Desteny she was no longer interested in debt relief services and asked not to be called anymore.

46. Despite Plaintiff advising Desteny she was not interested in debt relief services, over the course of the next thirty days Plaintiff received more unauthorized calls from EZ-Way soliciting plaintiff for debt relief services on behalf of Defendant Cordoba.

47. Desteny failed to place Plaintiff on Cordoba's internal do not call list and failed to honor

Plaintiff's do not call requests.

48. Desteny failed to inform EZ-Way Plaintiff requested not receive anymore solicitation calls.

49. Plaintiff researched EZ-Way and found it is an unregistered entity that is operating as a business.

50. Defendant Cordoba willfully accepts leads from EZ-Way that generate through illegal telemarketing because these leads benefit Defendant Cordoba financially.

51. Defendant Cordoba instructed EZ-Way on what states to call, what hours to call, and what to say when the phone calls were answered.

52. Defendant also gave interim instructions to EZ-Way by providing lead-qualifying instructions and lead volume limits.

53. Defendant donned EZ-Way with apparent authority to make the calls at issue. Thus, EZ-Way pitched Defendant's debt relief services in the abstract.

54. EZ-Way transferred customer information, including Plaintiff's contact information, directly to Defendant Cordoba. Thus, EZ-Way had the "ability . . . to enter consumer information into the Defendant Cordoba's sales or customer systems.

55. Defendant Cordoba knew (or reasonably should have known) that EZ-Way was violating the TCPA on their behalf but failed to take effective steps within their power to force EZ-Way to cease that conduct.

56. Defendant Cordoba approves and ratifies EZ-Way's behavior for violating the TCPA because it benefits Defendant Cordoba financially.

57. Upon information and belief, Defendant Cordoba did not train its telemarketers who engaged in telemarketing on behalf of Defendant Cordoba, on the existence and use of

Defendant's internal do not call policy as EZ-Way failed to recognize Plaintiff's personal cell phone -2376 is registered on the National Do-Not-Call Registry.

58. Defendant Cordoba does not honor do not call requests when made.

59. None of the alleged calls were made for emergency purposes.

60. Table A below displays calls made to Plaintiff by EZ-Way on behalf of Defendant Cordoba:

61. TABLE A.

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1. | 07/21/2023 | 2:14 pm | 915-800-8907 | Telemarketer from EZ-Way soliciting debt relief services. Disconnected the call. |
| 2. | 07/21/2023 | 2:16 pm | 859-337-0368 | Same telemarketer from call #1, transferred to Hanna who sent contract from Cordoba. |
| 3. | 07/26/2023 | 3:08 pm | 859-470-4644 | Telemarketer from EZ-Way soliciting debt relief services. Disconnected the call. |
| 4. | 07/31/2023 | 5:03 pm | 859-337-0368 | Missed call from EZ-Way |
| 5. | 08/01/2023 | 9:59 am | 406-308-1086 | Telemarketer from EZ-Way soliciting debt relief services. Disconnected the call. |
| 6. | 08/01/2023 | 10:03 am | 406-316-6117 | Telemarketer from EZ-Way soliciting debt relief services. Disconnected the call. |
| 7. | 08/01/2023 | 10:07 am | 406-317-9618 | Telemarketer from EZ-Way soliciting debt relief services. Disconnected the call. |
| 8. | 08/15/2023 | 9:20 am | 859-337-0368 | Telemarketer from EZ-Way soliciting debt relief services. Disconnected the call. |

| 9.  | 08/15/2023 | 10:47 am | 859-337-0368 | Telemarketer from EZ-Way soliciting debt relief services. Disconnected the call. |
| --- | --- | --- | --- | --- |
| 10. | 08/18/2023 | 9:08 am  | 859-337-0368 | Telemarketer from EZ-Way soliciting debt relief services. Disconnected the call. |
| 11. | 08/23/2023 | 10:22 am | 859-337-0368 | Telemarketer from EZ-Way soliciting debt relief services. Disconnected the call. |
| 12. | 08/23/2023 | 12:44 pm | 859-337-0368 | Telemarketer from EZ-Way soliciting debt relief services. Disconnected the call. |

62. Defendant is not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations that Plaintiff received from EZ-Way calling on behalf of Defendant Cordoba. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain a valid registration for Defendant Cordoba.

63. Defendant Cordoba does not qualify for an exemption under Tx. Bus. Com. Code 302.101 for the alleged calls that Plaintiff received from EZ-Way calling on behalf of Defendant Cordoba

64. Plaintiff has limited data storage capacity on her cellular telephone. Incoming telemarketing calls consumed part of this capacity.

### VICARIOUS LIABILITY OF DEFENDANT CORDOBA

65. Defendant Cordoba is vicariously liable under the theories of implied authority, apparent authority, and ratification, and as well as liable because any other result would impair the underlying purpose of the TCPA.

66. "A[n] entity may be held vicariously liable for violations of the TCPA 'under a broad

range of agency principles, including not only formal agency, but also principles of apparent authority and ratification.'" Aranda v. Caribbean Cruise Line, Inc., 179 F. Supp. 3d 817, 831 (N.D. Ill. 2016) (Quoting In re Joint Petition filed by Dish Network, LLC, 28 F.C.C. R. 6574, 6582 ¶ 28 (2013)). "Formal Agency" in this context means actual authority, which may be express or implied. Id,.

67. Defendant Cordoba gave express authority and apparent authority to the anonymous offshore telemarketer with full knowledge the administration of sales and solicitation of sales of the "debt settlement" services marketed as a result of the contract would be marketed using spoofed caller IDs and in violation of 47 U.S.C. 227(c).

68. Defendant Cordoba has ratified the conduct and behavior of the anonymous offshore telemarketer by repeatedly accepting contracts from consumers that originated through the use of TCPA violating anonymous phone calls.  Cordoba accepts these contracts with the full knowledge and expectation their telemarketer would violate the TCPA.

69. Failure to hold Cordoba responsible for the calls made on their behalf will be a signal to other TCPA violators that they can escape TCPA liability by hiring offshore and/or invisible entities to make phone calls on their behalf.

70. Not only does the seller have the responsibility to ensure TCPA compliance for calls made on their behalf, but they also have the responsibility to ensure those companies operate in the sunlight and are not taking active measures to avoid detection.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

71. The alleged calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

72. The alleged calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

73. The alleged calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

74. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of her cell phone.

### PLAINTIFF'S CELL PHONE IS A RESIDENTIAL PHONE

75. The calls were to Plaintiff's cellular phone -2376 which is Plaintiff's personal cell phone. Plaintiff maintains no landlines and uses the phone solely for personal, family, and household use.  Plaintiff does not use her cell phone for any business purposes.   Plaintiff's phone is registered in her name and she pays the bill from her personal accounts.

### Violations of the Texas Business and Commerce Code § 302.101

76. The actions of the defendants violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

77. Texas Business and Commerce Code § 302.101 provides a private right of action.  A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

78. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

79. Business and Commerce Code §302.101 states that a person (1) "may not make a

telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

80. Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation under §302.101.

## FIRST CLAIM FOR RELIEF:
## COUNT ONE:
### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

81. Plaintiff incorporates the foregoing allegations as if fully set forth herein;

82. The foregoing acts and omissions of Defendants and/or their affiliates or telemarketers constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

83. Defendant and/or their affiliates or telemarketers made repeated calls to Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the alleged calls, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

84. Plaintiff was statutorily damaged at least fifteen 12 times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the phone calls described above, in the amount of $500 per phone call.

85. Plaintiff is entitled to an award of at least $500 in damages for each such violation U.S.C. § 227(c)(5)(B).

86. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## SECOND CLAIM FOR RELIEF

### (Violations of The Texas Business and Commerce Code 302.101)

87. Plaintiff incorporates the foregoing allegations as if set forth herein. by reference each and every allegation set forth in the preceding paragraphs.

88. The foregoing acts and omissions of Defendant and/or their affiliates or telemarketers constitute multiple violations of the **Texas Business and Commerce Code 302.101**, by making non-registered solicitation calls to Plaintiff's cellular telephone number without her prior express written consent.

89. Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 302.302(a).**

90. Plaintiff is entitled to all reasonable attorneys' fees, deposition costs, and discovery costs. **Texas Business and Commerce Code 302.302(d).**

## PRAYER FOR RELIEF

WHEREFORE, Yazmin Gonzalez prays for judgment against the defendant jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;

C. An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $1500 per call in statutory damages arising from the 47 U.S.C. § 227(c) intentional violations jointly and severally against the Defendant for twelve (12) calls.

14

  E. An award of up to $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101 intentional violations jointly and severally against the Defendant for twelve (12) calls.

  F. An award to Ms. Gonzalez of damages, as allowed by law under the TCPA and Texas state law;

  G. An award to Ms. Gonzalez of interest, costs and attorneys' fees, as allowed by law and equity

  H. Such further relief as the Court deems necessary, just, and proper.

September 22, 2023,       Respectfully submitted,

*[signature]*

            Yazmin Gonzalez
            Plaintiff, Pro Se
            14205 Charles Pollock
            El Paso, TX 79938
            915-820-2376