**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **YAZMIN GONZALEZ,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:23-cv-00355-KC** |
| | § | |
| **CORDOBA LEGAL GROUP, LLC a Florida Limited Liability Company,** | § | |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**DEFENDANT CORDOBA LEGAL GROUP, LLC'S
MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**


Table of Authorities ..... i

STATEMENT OF ISSUES ..... iv

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

III. ARGUMENT ..... 4

A. Legal Standard ..... 4

B. There is no dispute that Cordoba has no direct liability under TCPA section 227(c)(5) and 47 CFR § 64.1200(c). ..... 5

i. Cordoba did not directly place any of the alleged telemarketing calls. ..... 6

ii. Plaintiff has failed to demonstrate her cellphone number ending in -2376 was on the NDNCR before any of the alleged telemarketing calls were made and was a residential telephone. ..... 6

C. Cordoba does not have vicarious liability under the TCPA. ..... 7

i. Under Texas Law, Vicarious Liability Requires a Special Relationship With, and Control Over, an Agent. ..... 7

ii. Plaintiff Cannot Establish Facts Showing Control as Required for a Finding of Vicarious Liability. ..... 9

iii. EZ-Way Did Not Act with the Apparent Authority of Cordoba. ..... 11

iv. Plaintiff Cannot Establish Ratification. ..... 12

D. Plaintiff is not entitled to treble damages for alleged "willful" violation of the TCPA. ..... 13

E. Cordoba is not in violation of the Texas Business and Commerce Code. ..... 14

IV. CONCLUSION ..... 15

PRAYER ..... 15

CERTIFICATE OF SERVICE ..... 16


Annex A – Undisputed Material Facts

Exhibit A – Cordoba Affidavit

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*2616 S. Loop L.L.C. v. Health Source Home Care, Inc.*,
201 S.W.3d 349, 356 (Tex. App.-Houston [14th Dist.] 2006, no pet.)....................................10

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)..........................................................................................................4

*Baptist Mem. Hosp. Sys. v. Sampson*,
969 S.W.2d 945, 948 (Tex. 1998)....................................................................................10

*Berger v. Republican Nat'l Comm.*,
Civil Action No. 4:21-CV-190, 2022 U.S. Dist. LEXIS 6173 (E.D. Tex. Jan.
12, 2022) ..........................................................................................................................4

*Buchoz v. Klein*,
184 S.W.2d 271 (Tex. 1944)..............................................................................................6

*Cardinal Health Sols., Inc. v. Valley Baptist Med. Ctr.*,
643 F. Supp. 2d 883 (S.D. Tex. 2008) ...............................................................................7

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)..........................................................................................................3

*Cherkaoui v. Santander Consumer USA, Inc.*,
32 F.Supp.3d 811 (S.D. Tex. 2014) .................................................................................13

*Cunningham v. CBC Conglomerate LLC*,
Civil Action No. 4:17-CV-00793-ALM-CAN, 2019 U.S. Dist. LEXIS 224240
(E.D. Tex. Dec. 4, 2019)....................................................................................................5

*Cunningham v. Politi*,
2019 WL 2519702, at *7 (E.D. Tex. Apr. 26, 2019), report and
recommendation adopted, 2019 WL 2526536 (E.D. Tex. June 19, 2019) .............................13

*Gary v. TrueBlue, Inc.*,
No. 17-cv-10544, 2018 U.S. Dist. LEXIS 128782 (E.D. Mich. Aug. 1, 2018).......................12

*Horton v. Sunpath, Ltd.*,
2021 WL 982344 (N.D. Tex. Feb. 16, 2021)..................................................................6, 9

*Hunsinger v. Alpha Cash Buyers, LLC*,
2022 WL 562761 (N.D. Tex. Feb. 24, 2022).....................................................................13

*Indian Harbor Ins. Co. v. Valley Forge Ins. Group*,
535 F.3d 359 (5th Cir. 2008) ....................6

*Karl Rove & Co. v. Thornburgh*,
39 F.3d 1273 (5th Cir. 1994) ....................6, 8

*Kunkel v. Kunkel*,
515 S.W.2d 941 (Tex. Civ. App.—Amarillo 1974, writ ref'd n.r.e.) ....................11

*Matsushita Elec. Indus Co. v. Zenith Radio Corp*.,
475 U.S. 574 (1986)....................4, 9

*Morris v. Hornet Corp.*,
No. 4:17-CV-00350, 2018 U.S. Dist. LEXIS 170945 (E.D. Tex., Sept. 14, 2018) ....................13

*Nations Bank, N.A. v. Dilling,*
922 S.W.2d 950, 953 (Tex. 1996)....................10

*Robert W. Mauthe, M.D., P.C. v. MCMC L.L.C.*,
387 F. Supp. 3d 551 (E.D. Pa. 2019) ....................12

Rourke v. Garza, 530 S.W.2d 794, 803 (Tex. 1975) ....................10

*Salaiz v. VSC Operations LLC*,
Cause No. EP-23-CV-423-KC, 2024 U.S. Dist. LEXIS 121927 (W.D. Tex. July 10, 2024)....................7

*Schakosky v. Client Services, Inc.*,
634 F. Supp. 2d 732 (E.D. Tex. 2007)....................11

*Scott v. Harris*,
550 U.S. 372 (2007)....................4

SED Holdings, L.L.C. v. TM Prop. Sols., L.L.C. (In re 3 Star Props., L.L.C.), 6 F4th 595, 614 (5th Cir. 2021) ....................10

*Shields v. Gawk Inc.*,
No. 3:18-CV-00150, 2019 U.S. Dist. LEXIS 69338 (S.D. Tex. Apr. 24, 2019) ....................5

*Smith-Perry Electric Co. v. Transport Clearings of Los Angeles*,
243 F.2d 819, 821 (5th Cir. 1957) ....................10

*U.S. v. Lawrence*,
276 F.3d 193 (5th Cir. 2001) ....................4

*Utils. Optimization Group, L.L.C. v. TIN, Inc.*,
440 Fed. Appx. 249, 253 (5th Cir. 2011) (citing Gaines v. Kelly, 235 S.W.3d 179, 183 (Tex. 2007)) ....9, 10

*Vessels v. Anschutz Corp.*,
823 S.W.2d 762 (Tex. App.—Amarillo 1992, writ denied) ....11

*Warciak v. Subway Rests., Inc.*,
949 F.3d 354 (7th Cir. 2020) ....7

*Watson v. Manhattan Luxury Autos, Inc.*,
20 Civ. 4572 (LGS), 2024 U.S. Dist. LEXIS 170155 (S.D.N.Y. Sept. 19, 2024) ....4

**Statutes**

47 U.S.C. 227(c) ....8

47 U.S.C. § 227(c)(5) ....4, 5

TEX. BUS. & COM. CODE § 305.053 ....13

TEX. BUS. & COM. CODE § 305.053(a) ....13

**Other Authorities**

47 C.F.R. § 64.1200(c) ....4

47 C.F.R. § 64.1200(c)(2) ....4, 5, 6

Fed. R. Civ. P. 56 ....14

Fed. R. Civ. P. 56(a) ....1, 2, 3, 13

Fed. R. Civ. P. 56(c) ....4

RESTATEMENT (THIRD) OF AGENCY § 1.01 (2006) ....7

# STATEMENT OF ISSUES

**Issue 1:** Whether Defendant is entitled to summary judgment on Plaintiff's federal Telephone Consumer Protection Act ("TCPA") claims because EZ-Way was not an agent of Defendant.

**Issue 2:** Whether Defendant is entitled to summary judgment on Plaintiff's Texas Business and Commerce Code claims because the Plaintiff cannot establish a claim under the federal TCPA.

## I. INTRODUCTION

1. Defendant Cordoba Legal Group, LLC, a Florida Limited Liability Company ("Cordoba" or "Defendant") is entitled to summary judgment on the alleged claims of Plaintiff Yazmin Gonzalez's ("Plaintiff") in her Complaint [Dkt. No. 1] (the "Complaint") for violations of the Texas Consumer Protection Act (the "TCPA") and the Texas Business and Commerce Code. Plaintiff would bear the burden of proof on all the elements of her claims at trial. Cordoba may meet its burden for the purposes of summary judgment by showing that the evidentiary record materials would be insufficient to carry Plaintiff's burden of proof at trial. Plaintiff has not sought any discovery from the Cordoba, and the discovery deadline has passed. Plaintiff will be unable to establish her burden of proof at trial, and Cordoba is therefore entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56(a). Reference is made to the Affidavit of Alfredo Cordoba in Support of Defendant Cordoba Legal Group, LLC's Motion for Summary Judgment attached hereto as **Exhibit A** (the "Cordoba Affidavit"). The undisputed material facts are annexed hereto as **Annex A**.

2. *First*, Cordoba cannot be held directly liable under the TCPA because this Court has observed that Plaintiff failed to plead direct liability, and it is undisputed that Cordoba only had one contact with Plaintiff and did not directly violate the TCPA. Cordoba is therefore entitled to summary judgment with respect to any direct liability under the TCPA or the Texas Business and Commerce Code.

3. *Second*, Plaintiff has alleged that her cellphone number ending in -2376 is on the National Do Not Call Registry ("NDNCR"). The evidentiary record is devoid of any evidence that Plaintiff's cellphone number is on the NDNCR, which is an essential element of Plaintiff's claims under the TCPA.

4. *Third*, plaintiff claims that "[e]very alleged call [she] answered was connected to telemarketers from EZ-Way." Complaint, ¶ 29. Cordoba is entitled to summary judgment because the evidentiary record does not contain any evidence of Cordoba's vicarious liability for calls from EZ-Way. Plaintiff has no evidence to support her bare assertions that Cordoba instructed, directed, or controlled the manner and means of EZ-Way's alleged calls to Plaintiff. EZ-Way did not have express authority or apparent authority in its alleged contacts with Plaintiff, and Cordoba did not ratify EZ-Way's alleged contacts. Because there is no possible way for Plaintiff to establish an agency relationship between Cordoba and EZ-Way based on the evidentiary record, Cordoba is entitled to summary judgment on the TCPA claims.

5. *Fourth*, because the Texas Business and Commerce Code proscribes only that conduct which is prohibited by the TCPA, and the Plaintiff fails to establish any violation by Cordoba of the TCPA, Plaintiff's Texas Business and Commerce Code claim also fails.

6. *Lastly*, Plaintiff is not entitled to injunctive relief or treble damages for alleged violations of the TCPA because Plaintiff consented and acquiesced to the calls she alleges she received from EZ-Way, and Cordoba had no knowledge of such calls.

7. For these reasons, as explained more fully below, Cordoba is entitled to summary judgment on the claims asserted by Plaintiff pursuant to FED. R. CIV. P. 56(a).

## II. FACTUAL BACKGROUND

8. In the Complaint, Plaintiff maintains that her lawsuit relates to a series of calls received between July 21, 2023, to August 15, 2023. *See* Complaint at ¶ 27. Plaintiff claims those calls were "from unknown telemarketers soliciting debt relief services calling on behalf of Defendant Cordoba." *Id*. Plaintiff further maintains that "Defendant hired an offshore telemarketing call center as Defendant's agent that goes by the name EZ-Way to tele solicit Defendant Cordoba's debt relief services." *Id*. at ¶ 28. She contends only that, "Every alleged call

Plaintiff answered and was connected to telemarketers from EZ-Way who had the same sales pitch soliciting debt relief services." *Id*. at ¶ 29.

9. Plaintiff asserts that, although she did not have any debt, she "feigned interest in debt relief services" to determine who was behind the alleged calls. Complaint at ¶¶ 36, 37. However, the Complaint does ***not*** allege that the at issue calls were made by Cordoba. Instead, Plaintiff claims to have received "a text message with a link that contained a contract from Defendant Cordoba for Plaintiff to sign for debt relief services" during a call with one of the EZ-Way telemarketers. *Id*. at ¶ 40. Cordoba never directed EZ-Way to contact Plaintiff. Cordoba Affidavit at ¶ 7. According to the Complaint, Plaintiff received only ***a single*** phone call from Cordoba during which Plaintiff advised that she was no longer interested in debt relief services and requested that Cordoba no longer contact her. *See* Complaint at ¶¶ 42–46. With the exception of one call from a representative of Cordoba on July 26, 2023, Cordoba has never had any direct contact with Plaintiff and did not contact her after she requested not to be contacted. *See* Cordoba Affidavit at ¶ 6. Plaintiff does not allege that Cordoba contacted her in violation of her wishes. Instead, she makes the conclusory allegation that, among other things, Cordoba failed to place Plaintiff on its "internal do not call list and failed to honor Plaintiff's do not call requests;" "donned" EZ-Way with apparent authority to make the calls at issue; and ratified EZ-Ways behavior. *See* Complaint at ¶¶ 47-58. Cordoba did not have knowledge of the alleged calls made by EZ-Way to Plaintiff. Cordoba Affidavit at ¶ 13.

10. EZ-Way is not an agent of Cordoba. *Id.* at ¶ 8. Cordoba has not authorized EZ-Way to act as its agent. EZ-Way does not have any power or authorization given by Cordoba to affect the rights and duties of Cordoba. Cordoba has no agency agreement with EZ-Way. *Id.* EZ-Way did not hold itself out to Plaintiff as an agent of Cordoba or as having the power or being

authorized in any way to affect the rights or duties of Cordoba. *Id.* at ¶ 9. Cordoba does not control the means by which EZ-Way conducts its business. *Id.* at ¶ 10. Cordoba does not have the right to assign EZ-Way particular tasks and does not control the means and details of the process by which EZ-Way would accomplish any such tasks. *Id.* Cordoba has not made any representation to Plaintiff that EZ-Way was an agent or had authority to affect the rights and duties of Cordoba. *Id.* at ¶ 12. Cordoba has never adopted or confirmed any prior act of EZ-Way with respect to alleged calls made to Plaintiff. *Id.* at ¶ 14.

11. Cordoba has never established a business relationship with Plaintiff. Cordoba does not have any contract or agreement with Plaintiff related to any business relationship and has never received any financial or economic consideration or other benefit from any business relationship with Plaintiff. *Id.* at ¶ 5. Cordoba received no material or economic benefit from any of the alleged calls EZ-Way made to Plaintiff. *Id.* at ¶ 11.

12. The deadline for the conclusion of discovery was February 13, 2025. *See* Docket No. 31. To date, Plaintiff has served no discovery on Cordoba.

## III. <u>ARGUMENT</u>

### A. Legal Standard

13. Federal Rule of Civil Procedure 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Where a non-movant will bear the burden of proof at trial, the movant may meet its burden by showing that the evidentiary record materials would be insufficient to carry the non-movant's burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321-22 (1986). Once the movant has established the absence of any genuine issue of material fact, the burden shirts to the non-movant to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(c). The non-movant must do more than

"simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case." *Berger v. Republican Nat'l Comm.*, Civil Action No. 4:21-CV-190, 2022 U.S. Dist. LEXIS 6173, at *3 (E.D. Tex. Jan. 12, 2022) (citing *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587.

**B. There is no dispute that Cordoba has no direct liability under TCPA section 227(c)(5) and 47 CFR § 64.1200(c).**

14. The Plaintiff has asserted a claim pursuant to section 227(c)(5) of the TCPA and 47 C.F.R. § 64.1200(c)(2). Complaint at ¶¶ 81–86. The Plaintiff has not asserted a claim under section 227(b) of the TCPA. There is no independent right of action under section 227(c)(5) for statutory violations of that subsection, only for violations of the regulations prescribed by that subsection. *Watson v. Manhattan Luxury Autos, Inc.*, 20 Civ. 4572 (LGS), 2024 U.S. Dist. LEXIS 170155, *5–6 (S.D.N.Y. Sept. 19, 2024).

15. Section 227(c)(5) provides a private right of action to

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity ***in violation of the regulations prescribed under this subsection*** may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State

47 U.S.C. § 227(c)(5) (emphasis added). The Code of Federal Regulations specifies that "No person or entity shall initiate any telephone solicitation to: … A residential telephone subscriber

who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). A "residential telephone subscriber" is not defined in the section 64.1200. Numerous courts have held that the regulation does not encompass cellphones. *Cunningham v. CBC Conglomerate LLC*, Civil Action No. 4:17-CV-00793-ALM-CAN, 2019 U.S. Dist. LEXIS 224240, *23, n. 14 (E.D. Tex. Dec. 4, 2019) (gathering cases finding that cellphones are not "residential telephones").

***i. Cordoba did not directly place any of the alleged telemarketing calls.***

16. Plaintiff has no direct claim against Cordoba for any of the alleged telemarketing calls at issue in the Plaintiff's Complaint. Plaintiff has not alleged that Cordoba ever contacted the Plaintiff more than once, and assuming that such call was made to Plaintiff, Cordoba cannot be in violation of the TCPA. Complaint at ¶¶ 43–45; *see* Cordoba Affidavit at ¶ 6; 47 U.S.C. § 227 (c)(5) ("…more than one telephone call…"); *Shields v. Gawk Inc.*, No. 3:18-CV-00150, 2019 U.S. Dist. LEXIS 69338, at *9–10 (S.D. Tex. Apr. 24, 2019) (finding that a single phone call could not give rise to a violation under the regulations promulgated under section 227(c) of the TCPA). The Court observed that "Plaintiff does not allege that Defendant is directly liable for the telemarketing calls". Docket No. 35 at 5. Therefore, the Defendant is entitled to summary judgment on all direct liability for Plaintiff's claims.

***ii. Plaintiff has failed to demonstrate her cellphone number ending in -2376 was on the NDNCR before any of the alleged telemarketing calls were made and was a residential telephone.***

17. In order for a claim to succeed under section 227(c) of the TCPA, the Plaintiff must demonstrate that she "registered his or her telephone number [ending in -2376] on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2). Plaintiff bears the burden of establishing

that she affirmatively registered her telephone number ending -2376 with the NDNCR The evidentiary record is devoid of evidence that Plaintiff affirmatively registered for the NDNCR in March 2022. Complaint at ¶ 21; *see* Cordoba Affidavit at ¶ 4. Additionally, recognizing that some courts have held otherwise, because her cellphone is not a "residential telephone", it is arguably not subject to the regulations of section 64.1200(c). *See Cunningham*, 2019 U.S. Dist. LEXIS 224240, at *23, n. 14. Therefore, Cordoba is entitled to summary judgment as a matter of law.

**C. Cordoba does not have vicarious liability under the TCPA.**

18. Plaintiff claims Cordoba is vicariously liable for violation of the TCPA under theories of implied and apparent authority and ratification. *See* Complaint at ¶¶ 65–70. Plaintiff's failure to factually establish that Cordoba had *any* control over the telemarketers responsible for the alleged calls is fatal to Plaintiff's claims. Thus, like any direct liability claims above, Defendant is entitled to summary judgment under a theory of vicarious liability.

***i. Under Texas Law, Vicarious Liability Requires a Special Relationship With, and Control Over, an Agent.***

19. "Under Texas law, in order to prove agency, 'evidence must establish that the principal has both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish that task.'" *Horton v. Sunpath, Ltd.*, 2021 WL 982344, at *4 (N.D. Tex. Feb. 16, 2021), citing *Indian Harbor Ins. Co. v. Valley Forge Ins. Group*, 535 F.3d 359, 364 (5th Cir. 2008). Beyond this, Texas law requires that agency relationships be "*affirmatively established*," they may *not be presumed*. *See, e.g., Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1296 (5th Cir. 1994) (emphasis added) (citing *Buchoz v. Klein*, 184 S.W.2d 271 (Tex. 1944)).

20. An agency relationship is "the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's

behalf and subject to the principal's control." RESTATEMENT (THIRD) OF AGENCY § 1.01 (2006). It is a "consensual relationship in which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person." RESTATEMENT (THIRD) OF AGENCY § 1.01, cmt. c (2006); *see also Cardinal Health Sols., Inc. v. Valley Baptist Med. Ctr.*, 643 F. Supp. 2d 883, 888 (S.D. Tex. 2008) (explaining that such relationship typically refers to the principal's right to assign and dictate the process by which the agent will accomplish tasks). "[W]hen a company wishes to place an advertisement in a circular, the publisher of the circular does not become the agent of the company." *Warciak v. Subway Rests., Inc.*, 949 F.3d 354, 357 (7th Cir. 2020).

21. As set forth below, Plaintiff cannot establish that EZ-Way was an agent of Cordoba or that Cordoba can be held vicariously liable for any violations of the TCPA or the Texas Business and Commerce Code, including by ratification. Cordoba is accordingly entitled to summary judgment on its vicarious liability with respect to such claims. As this Court has observed, a plaintiff may survive a motion to dismiss TCPA claim by pleading authority and control on information and belief. *Salaiz v. VSC Operations LLC*, Cause No. EP-23-CV-423-KC, 2024 U.S. Dist. LEXIS 121927, at *7 (W.D. Tex. July 10, 2024). However, discovery has concluded, and Plaintiff has not sought discovery from Cordoba with respect to any relationship between Cordoba and EZ-Way. EZ-Way is not an agent of Cordoba. Cordoba Affidavit at ¶ 8. Cordoba has not authorized EZ-Way to act as its agent. EZ-Way does not have any power or authorization given by Cordoba to affect the rights and duties of Cordoba. Cordoba has no agency agreement with EZ-Way. *Id.* EZ-Way did not hold itself out to Plaintiff as an agent of Cordoba or as having the power or being authorized in any way to affect the rights or duties of Cordoba. *Id.* at ¶ 9. There

is no dispute—because Plaintiff has no evidence—that Cordoba cannot be vicariously liable for any of the calls allegedly made by EZ-Way.

***ii. Plaintiff Cannot Establish Facts Showing Control as Required for a Finding of Vicarious Liability.***

22. Plaintiff cannot establish the essential element of control. Plaintiff maintains that "Cordoba gave express authority and apparent authority to the anonymous offshore telemarketer with full knowledge the administration of sales and solicitation of sales of the 'debt settlement' services marketed as a result of the contract would be marketed using spoofed caller IDs and in violation of 47 U.S.C. 227(c)." Complaint at ¶ 67. Plaintiff *presumes* an agency relationship between Cordoba and the telemarketer responsible for the alleged phone calls. *See id*. at ¶ 28. But such presumption is *not* allowed. *See Thornburgh*, 39 F.3d at 1296 (explaining that under Texas law, agency relationships must be "*affirmatively established"* and may *not be presumed*) (emphasis added).

23. Beyond this, nowhere in the Complaint does Plaintiff allege that any of the purported calls received ever identified Cordoba. *See generally*, Complaint. In fact, only through Plaintiff's admitted "feigned interest" in debt relief services did she receive a contract from the telemarketer containing what Plaintiff contends establishes an agency relationship between Cordoba and the telemarketer. *See id*. at ¶¶ 36–41. There is no basis for the assertion that Cordoba instructed EZ-Way on "what states to call, what hours to call, and what to say when the phone calls were answered" or that "Defendant also gave interim instructions to EZ-Way by providing lead-qualifying instructions and lead volume limits." *Id*. at ¶¶ 51, 52. Plaintiff has no way of establishing that EZ-Way had an ability to enter customer information into Cordoba's "sales or customer systems". *Id*. at ¶ 54.

24. EZ-Way is not an agent of Cordoba. Cordoba Affidavit at ¶ 8. Cordoba has not authorized EZ-Way to act as its agent or to affect the rights and duties of Cordoba. *Id.* Cordoba has no agency agreement with EZ-Way. *Id.* Cordoba does not control the means by which EZ-Way conducts its business. *Id.* at ¶¶ 7, 10. Cordoba never directed EZ-Way to contact Plaintiff. *Id.* at ¶ 7.

25. The Complaint neither alleges facts, nor will Plaintiff be able to prove facts, sufficient to establish that Cordoba had the right "to assign the [telemarketer's] task; and (2) to control the means and details of the process by which the [telemarketers would] accomplish [those] task." *Horton v. Sunpath, Ltd.*, 2021 WL 982344, at *4 (N.D. Tex. Feb. 16, 2021). It is uncontroverted that Cordoba does not control the means by which EZ-Way conducts its business. Cordoba Affidavit at ¶ 10. Cordoba does not have the right to assign EZ-Way particular tasks and does not control the means and details of the process by which EZ-Way would accomplish any such tasks. *Id.*

26. Plaintiff has no evidence that Cordoba knew that any calls were made by any alleged "representative" in the first instance, nor has Plaintiff even alleged that fact. *Id.* at ¶ 13. More fundamentally, Plaintiff is completely without evidence that Cordoba exercised any control over EZ-Way or any of the telemarketers that allegedly called Plaintiff. *Id.* at ¶¶ 7, 8, 10, and 13. Thus, to the extent Plaintiff seeks to hold Cordoba vicariously liable under the TCPA, her claim falls woefully short. The evidentiary record Plaintiff has the burden to establish to support her claims is insufficient to raise an issue of material fact and would not lead a rational trier of fact to find for the Plaintiff. *Matsushita Elec.*, 475 U.S. at 587. Thus, Cordoba is entitled the summary judgment on Plaintiff's TCPA claims based on vicarious liability.

***iii. EZ-Way Did Not Act with the Apparent Authority of Cordoba.***

27. "[T]he acts of agents alone cannot create apparent authority." Utils. Optimization Group, L.L.C. v. TIN, Inc., 440 Fed. Appx. 249, 253 (5th Cir. 2011) (citing Gaines v. Kelly, 235 S.W.3d 179, 183 (Tex. 2007)). Apparent authority is "based on estoppel, arising 'either from a principal knowingly permitting an agent to hold [himself] out as having authority or by a principal's actions which lack such ordinary care as to clothe an agent with the indicia of authority, thus leading a reasonably prudent person to believe that the agent has the authority [he] purports to exercise.'" *Gaines*, 235 S.W.3d at 182 (quoting *Baptist Mem. Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 948 (Tex. 1998)). The principal's full knowledge of all material facts is essential to establish a claim to apparent authority. *Id.* (citing *Rourke v. Garza*, 530 S.W.2d 794, 803 (Tex. 1975)). Only the principal's conduct is relevant to a determination of apparent authority. *Id.* (citing *Nations Bank, N.A. v. Dilling*, 922 S.W.2d 950, 953 (Tex. 1996)). Plaintiff must establish: (1) "a reasonable belief in the agent's authority"; (2) "generated by some holding out or neglect of the principal"; and (3) "justifiable reliance on the authority." *SED Holdings, L.L.C. v. TM Prop. Sols., L.L.C. (In re 3 Star Props., L.L.C.)*, 6 F4th 595, 614 (5th Cir. 2021) (quoting *2616 S. Loop L.L.C. v. Health Source Home Care, Inc*., 201 S.W.3d 349, 356 (Tex. App.—Houston [14th Dist.] 2006, no pet.)). "The principal is liable only where there has been an appearance of authority created by himself." *Smith-Perry Electric Co. v. Transport Clearings of Los Angeles*, 243 F.2d 819, 821 (5th Cir. 1957).

28. No reasonable finder of fact could find that Plaintiff had a reasonable belief about EZ-Way's authority. *See, e.g.*, Cordoba Affidavit at ¶¶ 9, 12. By Plaintiff's own admission, Cordoba's name was not mentioned in any alleged call made to Plaintiff by EZ-Way. Complaint at ¶¶ 29-39; Cordoba Affidavit at ¶¶ 9, 12. More fundamentally, no action of Cordoba (the alleged principal) generated any such belief. Cordoba Affidavit at ¶¶ 9, 12–14. The one alleged interaction

between Cordoba and Plaintiff involved one call regarding debt relief services for which Plaintiff lied about her interest. *See id.* at ¶ 6. Nothing in that alleged conversation indicates any representation regarding EZ-Way's authority to alter the legal rights and obligations of Cordoba. *Id.* at ¶¶ 8, 9, 12. In fact, Plaintiff has alleged no facts, and Cordoba is aware of none, that would establish some holding out or negligence of Cordoba to the Plaintiff that would justify Plaintiff's belief that EZ-Way was acting with authority. *Id.* at ¶¶ 9, 12. The allegation of Plaintiff that "During the call Hanna sent Plaintiff a text message with a link that contained a contract from Defendant Cordoba for Plaintiff to sign for debt relief services" cannot establish the apparent authority of EZ-Way. Complaint at ¶ 40. It is, after all, the alleged principal's acts, not the alleged agent's, that matter with respect to establishing apparent authority. Lastly, Plaintiff did not have any justifiable reliance on any representation by Cordoba to Plaintiff because there was no such representation by Cordoba with respect to EZ-Way, nor has one been alleged. Cordoba Affidavit at ¶¶ 8, 9, 12, 14.

29. In addition, Cordoba does not have full knowledge of all material facts regarding the alleged interactions between EZ-Way and Plaintiff, which is an essential element of a claim that EZ-Way acted under apparent authority. Cordoba Affidavit at ¶¶ 13–14. The uncontroverted evidence in the record establishes the opposite. As set forth above, EZ-Way is not an agent of Cordoba. *Id.* at ¶¶ 8, 10. Plaintiff has not alleged any facts beyond conclusory allegations that EZ-Way is an agent of Cordoba.

***iv. Plaintiff Cannot Establish Ratification.***

30. Ratification occurs where a principal "retains the benefits of a transaction after he acquires full knowledge of the agent's unauthorized act." *Schakosky v. Client Services, Inc.*, 634 F. Supp. 2d 732, 736 (E.D. Tex. 2007) (citation omitted). Critical "is the principal's knowledge of the transaction and his actions in light of such knowledge." *Id.* "Ratification is the adoption or

confirmation by a person, with knowledge of all material facts, of a prior act which did not then legally bind that person and which that person had the right to repudiate." *Vessels v. Anschutz Corp.*, 823 S.W.2d 762, 764 (Tex. App.—Amarillo 1992, writ denied) (citing *Kunkel v. Kunkel*, 515 S.W.2d 941, 948 (Tex. Civ. App.—Amarillo 1974, writ ref'd n.r.e.).

31. Here, Plaintiff provides no evidence that Cordoba *knew* of the telemarketers alleged unlawful conduct *and* ratified it despite knowledge of all material facts. *See* Complaint at ¶¶ 46–69. The Complaint does nothing more than state in a conclusory fashion that "Cordoba approves and ratifies EZ-Way's behavior for violating the TCPA because it benefits Defendant Cordoba financially." *Id.* at ¶ 56. Plaintiff further claims that "Cordoba has ratified the conduct and behavior of the anonymous offshore telemarketer by repeatedly accepting contracts from consumers that originated through the use of TCPA violating anonymous phone calls." *Id.* at ¶ 67. Plaintiff has no evidence, market data, or any other information to support this allegation. Cordoba Affidavit at ¶ 11. Plaintiff cannot establish when, where, and how Cordoba knew of the telemarketers alleged unlawful conduct, much less that such conduct was unwanted and ratified by Cordoba. *Id.* at ¶ 13. At the time the alleged calls were made by EZ-Way, Cordoba did not have knowledge of the alleged calls. *Id.* Cordoba never adopted or confirmed any prior act by EZ-Way with respect to the alleged calls made to Plaintiff. *Id.* at ¶ 14.

**D. Plaintiff is not entitled to treble damages for alleged "willful" violation of the TCPA.**

32. Plaintiff has asserted that she is entitled to treble damages for Cordoba's alleged knowing and willful violation of the TCPA. *See* Complaint at ¶ 86. A defendant's belief that a plaintiff consented to be contacted vitiates a claim for treble damages under the TCPA. *Robert W. Mauthe, M.D., P.C. v. MCMC L.L.C.*, 387 F. Supp. 3d 551, 571 (E.D. Pa. 2019) (regarding unsolicited fax violations of the TCPA: "[e]ven if a plaintiff did not, in fact, consent to receive the challenged fax, if the defendant believed the plaintiff had provided consent, it would not

intentionally have engaged in the prohibited act."); *Gary v. TrueBlue, Inc.*, No. 17-cv-10544, 2018 U.S. Dist. LEXIS 128782, at *32-33 (E.D. Mich. Aug. 1, 2018) ("Plaintiff has to prove that Defendant was made aware of/notified that Plaintiff did not consent to calls from Defendant."). Plaintiff admits in her Complaint that she "feigned interest" in debt relief services in response to the alleged EZ-Way calls. Complaint at ¶ 36. Plaintiff further represented that she lied that she had debt and answered "qualifying questions" to EZ-Way regarding such debt. *See* Complaint at ¶¶ 37–39. At the time the alleged calls were made by EZ-Way, Cordoba did not have knowledge of the alleged calls. Cordoba Affidavit at ¶ 11. Thus, no rational finder of fact could determine, assuming for the sake of argument that Plaintiffs' material allegations were proven true, that Cordoba's alleged violation of the TCPA was "knowing" or "willful" when the Plaintiff consented to and sought debt-relief services regarding what EZ-Way was advertising.

**E. Cordoba is not in violation of the Texas Business and Commerce Code.**

33. Finally, Plaintiff asserts a claim against Cordoba for alleged violations of the Texas Business and Commerce Code. *See* Complaint at ¶¶ 87–90. But like her TCPA claims, Cordoba is entitled to summary judgment under Federal Rule 56(a).

34. Section 305.053 of the Texas Business and Commerce Code provides that a "person who receives a communication that violates [the TCPA] … may bring an action in this state against the person who originates the communication . . . ." And Texas federal courts have explained that the Texas TCPA "proscribes only that conduct which is also prohibited by the TCPA." *Hunsinger v. Alpha Cash Buyers, LLC*, 2022 WL 562761, at *5 (N.D. Tex. Feb. 24, 2022). Thus, '"if no violation of the TCPA exists, there is no violation of' TEX. BUS. & COM. CODE § 305.053(a)." *Id.*, citing *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F.Supp.3d 811, 815 (S.D. Tex. 2014)("As Santander did not violate the TCPA, Santander also did not violate related Texas state law claims arising under the Texas Business and Commerce Code § 305.053"); *see also*, *Cunningham v.*

*Politi*, 2019 WL 2519702, at *7 (E.D. Tex. Apr. 26, 2019), report and recommendation adopted, 2019 WL 2526536 (E.D. Tex. June 19, 2019) ("Because Plaintiff's underlying (federal) TCPA claims fail, Plaintiff's state TCPA claim under § 305.053 also fails."); *Morris v. Hornet Corp.*, No. 4:17-CV-00350, 2018 U.S. Dist. LEXIS 170945, at *9 (E.D. Tex., Sept. 14, 2018) ("Because the Court has concluded that Plaintiff is entitled to summary judgment on his TCPA claim, Plaintiff is also entitled to summary judgment on" his Section 305.053 claim.).

35. The Plaintiff's Texas Business and Commerce Code claims are derivative of its TCPA claims. Therefore, because Plaintiff's TCPA claim against Cordoba fails, Plaintiff's Texas Business and Commerce Code claims against Cordoba must also fail.

## IV. CONCLUSION

36. The Plaintiff has not served discovery on the Defendant. Plaintiff only has conclusory allegations to support her claims, which are insufficient to demonstrate an issue of material fact. Plaintiff simply has no supported claim under either the TCPA or the Texas Business and Commerce Code against Cordoba. The uncontroverted evidentiary record demonstrates the opposite. Therefore, Cordoba is entitled to summary judgment on all of Plaintiff's claims.

## PRAYER

WHEREFORE, Cordoba requests that the Court grant its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and grant Defendant such other and further relief in law or in equity to which Defendant may be justly entitled.

Dated this 11th day of April 2025.

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ Joshua W. Wolfshohl*

Joshua W. Wolfshohl
State Bar No. 24038592
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone (713) 226-6000
Facsimile: (713) 226-6295
jwolfshohl@porterhedges.com

**ATTORNEYS FOR DEFENDANT CORDOBA LEGAL GROUP, LLC A FLORIDA LIMITED LIABILITY COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing pleading was served by electronic transmission to all registered ECF users appearing in this matter on this 11th day of April 2025.

*/s/Joshua W. Wolfshohl*
Joshua W. Wolfshohl

# Annex A
## Undisputed Material Facts[1]

1. Plaintiff is Yazmin Gonzalez, a resident of El Paso County, Texas. Cordoba Affidavit at ¶ 3.
2. Defendant is Cordoba Legal Group, LLC, a limited liability company organized and existing under the laws of Florida. Cordoba Affidavit at ¶ 2.
3. Cordoba has never established a business relationship with Plaintiff. Cordoba does not have any contract or agreement with Plaintiff related to any business relationship and has never received any financial or economic consideration or other benefit from any business relationship with Plaintiff. Cordoba Affidavit at ¶ 5.
4. Plaintiff feigned interest in debt relief services to EZ-Way.
5. Plaintiff advised EZ-Way her name was "Norma," who had debt.
6. On July 26, 2023, Plaintiff received a call from a representative of Cordoba. Cordoba Affidavit at ¶ 6.
7. Defendant is not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations that Plaintiff received from EZ-Way.
8. Cordoba did not contact Plaintiff directly more than once. Cordoba Affidavit at ¶ 6.
9. Cordoba did not direct EZ-Way to contact Plaintiff. Cordoba Affidavit at ¶ 7.
10. EZ-Way is not an agent of Cordoba. Cordoba has not authorized EZ-Way to act as its agent. EZ-Way does not have any power or authorization given by Cordoba to affect the rights and duties of Cordoba. Cordoba has no agency agreement with EZ-Way. Cordoba Affidavit at ¶ 8.
11. EZ-Way did not hold itself out to Plaintiff as an agent of Cordoba or as having the power or being authorized in any way to affect the rights or duties of Cordoba. Cordoba Affidavit at ¶ 9
12. Cordoba does not control the means by which EZ-Way conducts its business. Cordoba does not have the right to assign EZ-Way particular tasks and does not control the means and details of the process by which EZ-Way would accomplish any such tasks. Cordoba Affidavit at ¶ 10.
13. Cordoba received no material or economic benefit from the alleged calls made by EZ-Way to Plaintiff. Cordoba Affidavit at ¶ 11.
14. Cordoba has not made any representation to Plaintiff that EZ-Way was an agent or had authority to affect the rights and duties of Cordoba. Cordoba Affidavit at ¶ 12.
15. Cordoba did not have knowledge of the alleged calls made by EZ-Way to Plaintiff at the time such alleged calls were made. Cordoba Affidavit at ¶ 13.
16. Cordoba has never adopted or confirmed any prior act of EZ-Way with respect to alleged calls made to Plaintiff. Cordoba Affidavit at ¶ 14.

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.