**FILED**

**February 05, 2026**
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **JW** _____

DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **YAZMIN GONZALES,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No. 3:23-CV-00355-KC** |
| | § | |
| **CORDOBA LEGAL GROUP, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant Cordoba Legal Group, LLC's "Motion for Summary Judgment" ("Motion") (ECF No. 40), filed on April 11, 2025. For the reasons below, the Court **RECOMMENDS** the Defendant's Motion be **GRANTED IN PART** and **DENIED IN PART.**

### I.    BACKGROUND

#### A.    Factual Background

This case concerns allegations of unlawful telemarketing. On September 29, 2023, Yazmin Gonzales ("Plaintiff") filed the lawsuit against Defendant Cordoba Legal Group, LLC ("Defendant").[1] Plaintiff alleges that she "received a total of twelve (12) unauthorized solicitation calls to her phone number ending -2376 from unknown telemarketers soliciting debt relief services calling on behalf of Defendant Cordoba."[2] Plaintiff further claims through "information and belief,

---

[1] *See generally* ECF. No. 1.
[2] ECF No. 1 at 6.

Defendant hired an offshore telemarketing call center as Defendant's agent that goes by the name EZ-Way to [solicit] Defendant Cordoba's debt relief services."[3]

Plaintiff contends she was damaged statutorily by these calls.[4] Plaintiff alleges violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated thereunder, and Texas Business & Commerce Code ("TBCC") 302.101.[5] Plaintiff asserts that Defendant Cordoba is "vicariously liable under the theories of implied authority, apparent authority, and ratification, and as well as liable because any other result would impair the underlying purpose of the TCPA."[6] Further, Plaintiff claims: "Defendant Cordoba gave express authority and apparent authority to the anonymous offshore telemarketer with full knowledge the administration of sales and solicitation of sales of the 'debt settlement' services marketed as a result of the contract would be marketed using spoofed caller IDs and in violation of 47 U.S.C. 227(c)" and "Defendant Cordoba has ratified the conduct and behavior of the anonymous offshore telemarketer by repeatedly accepting contracts from consumers that originated through the use of TCPA violating anonymous phone calls. Cordoba accepts these contracts with the full knowledge and expectation their telemarketer would violate the TCPA."[7]

### B.    Procedural History

Defendant was served with the summons and Complaint on September 29, 2023.[8] Defendant did not have legal representation, and was ordered to retain counsel no later than February 26, 2024.[9] Defendant failed to comply with the order, and the Plaintiff was ordered to

---

[3] *Id.*
[4] *Id.* at 12.
[5] *Id.* at 13-14.
[6] *Id.* at 10.
[7] ECF No. 1 at 11.
[8] *See generally* ECF No. 4.
[9] *See* ECF No. 10.

move for entry of default and a default judgment against Cordoba.[10] Plaintiff filed a request for entries of default against Defendant on April 5, 2024.[11] Entry of default against Defendant was filed on April 5, 2024.[12] Plaintiff then filed a Motion for Default Judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure on April 12, 2024.[13] Defendant counsel appeared in this case on May 1, 2024 and filed Unopposed Motion to Set Aside Entry of Default and In Opposition to Plaintiff's Motion for Default Judgment.[14] The court granted the motion to set aside, vacated the Clerk's Entry of Default, and denied the Motion for Default Judgment.[15]

Defendant moved to dismiss Plaintiff's claims, but the Court denied the motion, concluding that Plaintiff had alleged sufficient facts to proceed to discovery.[16] Defendant thereafter filed a Motion for Summary Judgment on April 11, 2025, arguing, in part, that they cannot be held directly liable or vicariously liable under the TCPA or the Texas Business & Commerce Code for the conduct of EZ-Way.[17] Defendant has not filed an answer to the complaint.[18]

Plaintiff filed a response on May 5, 2025, arguing that the "relationship between Defendant and EZ-Way is a genuine issue of dispute that should be decided at trial… Even if Defendant is to be believed that they only spoke with Plaintiff one time, Plaintiff was still contacted by EZ-Way numerous times, and Defendant does have a relationship with EZ-Way and benefits from said relationship, and an agency relationship could be found."[19] Further, Plaintiff claims "there is no

---

[10] *See* ECF No. 14.
[11] *See* ECF No. 17.
[12] *See* ECF No. 18.
[13] *See* ECF No. 19.
[14] *See* ECF No. 20, 21, 24.
[15] *See* ECF No. 25.
[16] *See* ECF No. 35.
[17] ECF No. 40 at 1-2.
[18] Defendant was not required to file an answer while their Rule 12 motion was pending, and Rule 56 expressly permits a party to move for summary judgment at any time. See Fed. R. Civ. P. 12(a)(4), 12(b), 56(b).
[19] Pl.'s Resp. to Def.'s Mot. for Summ. J. at 5, ECF No. 44.

way a reasonable trier of fact could find at this stage in time that 1) Plaintiff was solicited numerous times by EZ-Way, 2) that solicitation ultimately connected her to Defendant, and 3) Defendant has no agency relationship."[20] In the alternative, Plaintiff requests the "opportunity to conduct discovery and properly litigate this matter."[21]

## II.     STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is considered "material" if its resolution "might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277 (2011) (citation omitted).

The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact, either by citing competent summary judgment evidence or showing that the nonmovant lacks evidence to support an essential element of their case. Fed. R. Civ. P. 56(c)(1)(A)–(B); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25 (1986). Once the movant has made a properly supported motion, the burden shifts to the nonmovant to show summary judgment should not be granted. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). The party opposing summary judgment "may not rest upon mere allegations contained in the pleadings but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*,

---

[20] *Id.*
[21] *Id.* at 4.

477 U.S. 242 (1986)). Courts applying this standard have rejected vague or unsupported claims as insufficient. See, e.g., *Metro. Direct Prop. & Cas. Ins. Co. v. United States*, No. 4:07-CV-210, 2008 WL 2775852, at *1 (E.D. Tex. July 15, 2008) (granting summary judgment where the nonmovant failed to cite specific facts and relied on conclusory assertions). The "citations to evidence must be specific, as the district court is not required to 'scour the record' to determine whether the evidence raises a genuine issue of material fact." *Id.* (quoting E.D. Tex. Local R. CV-56(d)). Further, "neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Id.* (quoting *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996)).

## III.    DISCUSSION

By their Motion, Defendant now moves for summary judgment on all of Plaintiff's claims under the TCPA and the TBCC.[22] Defendant alleges Cordoba cannot be held directly liable or vicariously liable under the TCPA.[23] Further, Defendant claims "because the Texas Business and Commerce Code proscribes only that conduct which is prohibited by the TCPA, and the Plaintiff fails to establish any violation by Cordoba of the TCPA, Plaintiff's Texas Business and Commerce Code claim also fails."[24]

### A.    Vicarious Liability

To establish TCPA liability, a plaintiff must provide evidence of either direct liability, by showing that the defendant itself initiated the offending calls, or vicarious liability, by showing that the calls were placed by an entity acting as the defendant's agent. *Gonzalez v. Sav. Bank Mut. Life Ins. Co. of Mass.*, No. EP-24-CV-00289-DB, 2025 WL 1145266, at *4 (W.D. Tex. Apr. 15, 2025) (citing *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 (2013)).

---

[22] ECF No. 40 at 1-2.
[23] *Id.*
[24] *Id.* at 2.

A defendant therefore cannot be held liable under the TCPA where it neither made the call nor controlled or directed the party that made the call. *Id.*

Vicarious liability under the TCPA is governed by federal common-law principles of agency, including actual authority, apparent authority, and ratification. *Guadian v. DebtBlue LLC*, No. EP-23-CV-329-KC, 2024 WL 5184488, at *3 (W.D. Tex. Apr. 16, 2024) (citing *Dish Network*, 28 FCC Rcd. at 6584; see also *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016) (finding "no cause to question" the FCC's conclusion that sellers may be vicariously liable for TCPA violations under agency principles)).

### 1.  *Actual Authority and Control*

Formal agency, also referred to as actual authority, exists when a principal expressly or implicitly authorizes an agent to act on its behalf and retains the right to control the agent's actions. *Gonzalez*, 2025 WL 1145266, at *5 (citing *Restatement (Third) of Agency* § 3.01 (Am. L. Inst. 2006); *Heller v. Marriott Vacations Worldwide Corp.*, No. EP-22-CV-00398-FM-MAT, 2023 WL 6702696, at *5 (W.D. Tex. Oct. 11, 2023)). An essential element of actual authority is the principal's right to control the "manner and means" of the telemarketing campaign. *Id.*

In the TCPA context, courts consider whether the defendant controlled or had the right to control the content, timing, recipients, or execution of the telemarketing calls. *Guadian*, 2024 WL 5184488, at *3–4 (quoting *Warciak v. Subway Rests., Inc.*, 949 F.3d 354, 357 (7th Cir. 2020), and citing *Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 743 (N.D. Ill. 2014)). As the Seventh Circuit explained, when a company merely places an advertisement through a third party, the publisher does not thereby become the company's agent. *Warciak*, 949 F.3d at 357.

Despite the different standards, it is important to highlight that courts in this District have dismissed claims of actual authority where defendants submitted affidavits denying control over

third-party telemarketers and the plaintiff failed to produce evidence to the contrary and in support of an agency relationship. *Gonzalez*, 2025 WL 1145266, at *5; see also *Callier v. SunPath Ltd.*, No. EP-20-CV-00106-FM, 2020 WL 10285659, at *3 (W.D. Tex. Aug. 10, 2020). Where plaintiff offers only conclusory allegations that the defendants were vicariously liable for the telemarketing calls, courts cannot reasonably infer the existence of an agency relationship. *Id.*

The same is true here. At summary judgment, Plaintiff must produce sufficient evidence to create a genuine dispute of material fact on actual authority and control, and the record contains none. Plaintiff fails to provide any evidence that Defendant exercised authority over the telemarketer or otherwise directed, supervised, or controlled the telemarketer or the telephone solicitations at issue. Instead, Plaintiff simply makes conclusory assertions in the Response that Defendant hired "EZ-Way to conduct telemarketing efforts" and cites to the Complaint to support this allegation.[25] Unsupported, conclusory speculation and self-serving assertions are insufficient to create a genuine issue of material fact. *Williams v. Barnhill's Buffet, Inc.*, 290 F. App'x 759, 762 (5th Cir. 2008)(citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Further, Defendant in "Cordoba Affidavit" (ECF No. 40-1, Exhibit A) denies exercising control or oversight over EZ-Way or directing the manner in EZ-Way conducts their operations.[26] Because Plaintiff identifies no evidence from which a reasonable jury could find actual authority or control, summary judgment is warranted on this theory.

### 2.    *Apparent Authority*

A defendant may also be vicariously liable where the telemarketer acts with apparent authority. Apparent authority exists when "a third party reasonably believes the agent has authority

---

[25] ECF No. 44 at 5; In the Complaint, Plaintiff states: "Through information and belief Defendant hired an offshore telemarketing call center as Defendant's agent that goes by the name EZ-Way to [solicit] Defendant Cordoba's debt relief services." (ECF No. 1 at 6).
[26] Ex. A, Aff. of Alfredo Cordoba, attached to Defs.' Mot. for Summ. J. ¶ 8, ECF No. 40-1

to act on behalf of the principal and that belief is traceable to the principal's manifestations." *Gonzalez*, 2025 WL 1145266, at \*4 (quoting *Heller*, 2023 WL 6702696, at \*7); see *Restatement (Third) of Agency* § 2.03 cmt. c. Apparent authority must be traceable to the conduct of the principal, not the unilateral representations of the telemarketer. *Id.* (citing *Cactus Pipe & Supply Co. v. M/V Montmartre*, 756 F.2d 1103, 1111 (5th Cir. 1985)). Thus, apparent authority may exist only where "the principal knowingly permits the agent to exercise authority, or the principal holds the agent out as possessing such authority." *Id.* (quoting *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 237 (4th Cir. 2019)). Where a plaintiff fails to allege manifestations traceable to the defendant, apparent authority is lacking. *Id.*

In the Complaint, Plaintiff states: "Defendant Cordoba gave express authority and apparent authority to [EZ-Way] with full knowledge the administration of sales and solicitation of sales of the 'debt settlement' services marketed as a result of the contract would be marketed using spoofed caller IDs and in violation of 47 U.S.C. 227(c)."[27] Plaintiff also claims, "Defendant donned EZ-Way with apparent authority to make the calls at issue. Thus, EZ-Way pitched Defendant's debt relief services in the abstract."[28] Beyond these conclusory assertions, Plaintiff does not provide evidence concerning any conduct by the Defendant that Plaintiff was aware of at the time of the initial telemarketer's call and that would have reasonably led Plaintiff to believe the caller was acting as Defendant's agent. Although it may be reasonable for a consumer to assume that a telemarketer soliciting business for a company is acting as that company's agent, apparent authority requires that such belief be traceable to the principal's own conduct, not to assumption or inference. *See Callier v. SunPath Ltd.*, No. EP-20-CV-00106-FM, 2020 WL 10285659, at \*4 (W.D. Tex. Aug. 10, 2020)(holding that a plaintiff's assumption, without evidence the principal

---

[27] ECF No. 1 at 11.
[28] *Id*. at 8.

acted to create the appearance of agency, is insufficient). Moreover, an agent's own representations of authority, standing alone, are insufficient to create apparent authority. *See Moreau v. James River-Otis, Inc.*, 767 F.2d 6, 10 (1st Cir. 1985). Because the summary judgment record contains no evidence of conduct by Defendant creating the appearance of an agency relationship, Plaintiff fails to raise a genuine dispute of material fact as to apparent authority.

### 3.    *Ratification*

Even where no agency relationship existed at the time of the calls, a defendant may be held liable through ratification, which, in some circumstances, may "create a relationship of agency when none existed between the actor and the ratifier at the time of the act." *Guadian*, 2024 WL 5184488, at *4–5 (quoting *Restatement (Third) of Agency* § 4.01 cmt. b).

Ratification requires the knowing acceptance of the benefits of the telemarketer's conduct. *Id.* at *5 (citing *Kern v. VIP Travel Servs.*, No. 16-cv-8, 2017 WL 1905868, at *9 (W.D. Mich. May 10, 2017)). The knowledge requirement is satisfied only where the principal has actual knowledge of the material facts or chooses to affirm the conduct despite awareness of a substantial risk that the conduct was unlawful. *Id.* (citing *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1073–76 (9th Cir. 2019)). In the TCPA context, material facts include the unlawful nature of the telemarketer's calls. *Id.*

In the Complaint, Plaintiff alleges: "Defendant Cordoba has ratified the conduct and behavior of the anonymous offshore telemarketer by repeatedly accepting contracts from consumers that originated through the use of TCPA violating anonymous phone calls. Cordoba accepts these contracts with the full knowledge and expectation their telemarketer would violate the TCPA."[29] Although Plaintiff asserts that Defendant knew of the telemarketing calls and

---

[29] ECF No. 1 at 11.

accepted the benefits of those solicitations, Plaintiff offers no evidence that Defendant had actual knowledge of any TCPA-prohibited calls. Plaintiff claims: "Defendant Cordoba approves and ratifies EZ-Way's behavior for violating the TCPA because it benefits Defendant Cordoba financially," but these assertions do not go beyond conclusory allegations.[30] Absent evidence establishing actual knowledge of the allegedly unlawful conduct, Plaintiff cannot survive summary judgment concerning ratification. *Heller v. Marriott Vacations Worldwide Corp.*, No. EP22CV00398FMMAT, 2023 WL 6702696, at *7 (W.D. Tex. Oct. 11, 2023), *report and recommendation adopted*, No. EP-22-CV-00398-FM, 2024 WL 1080443 (W.D. Tex. Feb. 2, 2024) (holding that a principal "is not bound by ratification made without knowledge of the material facts involved in the original act"). Speculation or inference based on the existence of a marketing relationship or the receipt of business opportunities is insufficient to establish ratification. *Cunningham v. Watts Guerra, LLP*, No. SA-22-CV-363-OLG (HJB), 2025 WL 2429057, at *6 (W.D. Tex. Mar. 18, 2025) (holding that benefitting from another's activity alone does not establish ratification). Plaintiff presents no competent evidence that Defendant had actual knowledge of the allegedly unlawful conduct or affirmatively accepted its benefits, and conclusory allegations or belief based on a marketing relationship alone cannot establish ratification. Therefore, Plaintiff cannot defeat summary judgment on this theory.

**B.    Statutory Analysis**

Plaintiff seeks relief against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and regulations promulgated thereunder, and Texas Business & Commerce Code § 302.101.

---

[30] *Id*. at 8.

### 1.    *Violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)*

Section 227(c)(2) of the TCPA directs the Federal Communications Commission to promulgate regulations protecting consumers' privacy interests, and those regulations are codified at 47 C.F.R. § 64.1200. *See Callier v. Keeping Capital, LLC*, No. EP-21-CV-00011-DCG, 2021 WL 2742766, at *3–4 (W.D. Tex. Apr. 22, 2021). Relevant here, the regulations require telemarketers to maintain internal do-not-call procedures, including a written do-not-call policy available upon demand, training personnel on compliance, and identifying the caller and seller during telemarketing calls. 47 C.F.R. § 64.1200(d)(1), (2), (4). In addition, the regulations prohibit initiating a telephone solicitation to a residential telephone subscriber whose number is listed on the national do-not-call registry. 47 C.F.R. § 64.1200(c)(2).

Section 227(c)(5) creates a private right of action for any person who receives ***more*** than one telephone call within a twelve-month period by or on behalf of the same entity in violation of these regulations. 47 U.S.C. § 227(c)(5). Courts in the Fifth Circuit have recognized that a plaintiff adequately states a claim under § 227(c)(5) by alleging repeated calls made without compliant do-not-call procedures or to a number listed on the national registry, and that a defendant's default admits such regulatory violations. *See Callier*, 2021 WL 2742766, at *4–5*. Because Plaintiff fails to raise a genuine dispute of material fact as to vicarious liability, the claims premised on the TCPA necessarily fail. Absent sufficient evidence of an agency relationship, Defendant cannot be held liable for the telemarketer's conduct. Moreover, Plaintiff alleges, and Defendant confirms, at most a single call is directly attributable to the Defendant, which is insufficient to establish liability under the TCPA's do-not-call provisions, 47 U.S.C. § 227(c).[31]

---

[31] Defendant acknowledges that "[on] July 26, 2023, Plaintiff received a call from a representative of Cordoba." Ex. A, Aff. of Alfredo Cordoba, attached to Defs.' Mot. for Summ. J. ¶ 6, ECF No. 40-1.

### 2.     *Violation of Texas Business & Commerce Code § 302.101*

Section 302.101 makes it a violation for "a seller" to "make a telephone solicitation ... to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101. A "telephone solicitor" is defined as one who "makes or causes to be made a consumer telephone call." Tex. Bus. & Comm. Code § 301.001(5). Further, "telephone solicitation" is defined as "a telephone *call* a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item." *Id.* at § 302.001(7).[32]

Plaintiff asserts that she is a resident of Texas.[33] Plaintiff also asserts that Defendant is not registered with the Texas Secretary of State, as required by § 302.101.[34] Defendant confirms their lack of registration, stating: "Defendant is not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations that Plaintiff received from EZ-Way."[35] Further, Defendant acknowledges that "[on] July 26, 2023, Plaintiff received a call from a representative of Cordoba."[36] Defendant is a seller, since Defendant ordered that the call be made on Defendant's own behalf, in order to promote its debt relief services. *See* Tex. Bus. & Com. Code § 302.001(5) ("'Seller' means a person who makes a telephone solicitation on the person's own behalf."). Therefore, Defendant is implicated by Texas Business & Commerce Code § 302.101.

In response, Defendant cites *Hunsinger v. Alpha Cash Buyers, LLC*, 2022 WL 562761, at *5 (N.D. Tex. Feb. 24, 2022) to assert "'if no violation of the TCPA exists, there is no violation

---

[32] When it became effective on April 1, 2009, § 302.001 defined "telephone solicitation" as a telephone call. Amendments effective September 1, 2025 expanded the definition to include other transmissions, including text and graphic messages. Because the conduct at issue predates the September 1, 2025 amendment to § 302.001, the statute applies only to telephone calls, not to other forms of transmission.
[33] ECF No. 1 at 2.
[34] *Id.* at 10.
[35] Annex A to Defs.' Mot. for Summ. J., Undisputed Material Facts ¶ 7, ECF No. 40.
[36] Ex. A, Aff. of Alfredo Cordoba, attached to Defs.' Mot. for Summ. J. ¶ 6, ECF No. 40-1.

of' TEX. BUS. & COM. CODE § 305.053(a)" and the "Texas TCPA 'proscribes only that conduct which is also prohibited by the TCPA.'" However, Plaintiff is not making a § 305.053 claim, and Defendant's attempt to characterize Texas Business & Commerce Code § 302.101 as an analogue to the TCPA's do-not-call provision, 47 U.S.C. § 227, is misplaced. As seen in *Hunsinger*, 2022 WL 562761, at *5, courts treat § 305.053 as the parallel state-law counterpart to 47 U.S.C. § 227, allowing those claims to rise or fall together. By contrast, § 302.101 serves a different regulatory function, imposing independent registration and compliance requirements on telemarketers that may be violated by a single call. Conflating § 302.101 with § 305.053 improperly collapses distinct statutory schemes and mischaracterizes § 302.101 as an analogue when it is not. Thus, while a single call may be insufficient to support liability under the TCPA, it may nevertheless form the basis of a claim under Texas Business & Commerce Code § 302.101. As alleged, Defendant made one solicitation in this case without holding a valid Texas Telephone Solicitation registration. Accordingly, one telephone solicitation was made to a Texas resident in violation of § 302.101, exposing the caller to potential civil penalties of up to $5,000 in total.[37] As a result, Plaintiff has presented sufficient evidence to create a genuine issue of material fact, precluding summary judgment on this claim.

## IV.     ADDITIONAL CONSIDERATIONS

To the extent Plaintiff seeks additional discovery under Rule 56(d), such relief should be denied because Plaintiff failed to identify specific facts that further discovery would reveal or explain why such evidence is currently unavailable.[38] *See* Fed. R. Civ. P. 56(d).

---

[37] Under Texas law, civil penalties of up to $5,000 may be assessed for each violation of the telemarketing statutes. Tex. Bus. & Com. Code §§ 302.002, 302.302(a).

[38] Plaintiff requests that "Defendant's MSJ be denied in its entirety, Defendant be put into Default, and that Discovery be reopened." *See* Pl.'s Resp. to Def.'s Mot. for Summ. J., ECF No. 44. This request to reopen discovery is, in substance, a request for a Rule 56(d) continuance and fails because Plaintiff has not identified specific, unavailable facts that would create a genuine dispute of material fact; conclusory

As to the complaint that Defendant has not filed an answer, Defendant was not required to file an answer while their Rule 12 motion was pending, and Rule 56 expressly permits a party to move for summary judgment at any time. *See* Fed. R. Civ. P. 12(a)(4), 12(b), 56(b).

## V.    CONCLUSION AND RECOMMENDATION

For all these reasons, the Court hereby recommends that Defendant's Motion for Summary Judgment (ECF No. 40) be **GRANTED IN PART and DENIED IN PART.** It is **GRANTED** as to the claims under the TCPA but **DENIED** as to the § 302.101 claim under the Texas Business & Commerce Code.

**So RECOMMENDED and SIGNED this 5th day of February 2026.**

_____
**LAURA ENRIQUEZ**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE**
**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**

---

requests for additional discovery are insufficient. The record shows that Plaintiff did not move to compel, seek sanctions, or otherwise pursue relief under the Federal Rules with respect to discovery.